Ferren, Senior Judge, concurring: Without dispute, the government’s grossly negligent loss of appellant Smith’s shorts—evidence material to both the defense and the prosecution—was a violation of Super. Ct. Crim. R. 16. Fortunately for the government, however, the prosecutor had a photograph of Smith wearing shorts at the scene of arrest—evidence in lieu of the missing shorts that was essential to the government’s case. If that photo were to be admitted in evidence, however, the trial court was required to impose effective Rule 16 sanctions on the prosecution’s use of the photo, in order to compensate the defense for unavailability of the shorts in the courtroom. Implicitly, therefore, the law, and thus this court’s analysis, is premised on an assumption that availability of the shorts at trial, without sanctions, would have been preferred by the defense over admission of the photo, limited by sanctions. This may be one of the rare cases, however, in which the government’s loss of evidence was of benefit, not a burden, to the defense. We have an interesting question: how, exactly, did the fact that the shorts were missing affect Smith’s defense preparation? Although the government, as well as the trial court, agreed that the shorts were “material” to Smith’s defense, it is not clear how their presence at trial necessarily would have enhanced Smith’s argument that the shorts were not his. To illustrate this uncertainty, we should look, first, at Smith’s defense without the shorts in hand—a defense, enhanced by sanctions that we have characterized as “substantial, not weak.”[1] Can we be sure that if the shorts had been available, Smith’s case would have been stronger?— that Smith (absent a plea bargain) would have put them on in rebuttal to show the jury that they did not fit? Depending on the truth about ownership, which we cannot know, there may well have been a more conclusive case for conviction if the shorts had been available for plea negotiations or trial. Based on the photo evidence alone it would appear that the government had the upper hand with the missing shorts. But even worse for Smith, if the shorts did belong to him (as his girlfriend told Officer Artinian), there is sound reason for concluding that Smith’s defense actually benefited from the jail’s clothing destruction policy and the government’s reliance on the photo evidence, limited by the sanctions. All things considered, therefore, loss of the shorts was material to defense preparation, but we cannot say to any meaningful level of certainty whether the loss did—or did not—in reality prejudice Smith. None of this speculation matters for resolving the Rule 16 issue—nor should it. When the government is responsible for the loss of evidence presumptively critical to the defense, Rule 16 sanctions must be imposed to assure fairness to the accused. The question thus becomes whether, in light of the sanctions, the Rule 16 violation—the loss of the shorts—was nonetheless harmless. Because we cannot know whether the shorts, if available at trial, would have helped or hurt Smith’s defense, we cannot permit speculation of the sort I’ve engaged in here play a part in the harmless error analysis. We are limited, as in all cases, to determining indirectly—as objectively as possible by application of the Koonce criteria[2]—whether the record supports a conclusion that the government’s errors, as mitigated by sanctions, were harmless or of a magnitude requiring reversal. For the reasons stated in the court’s opinion, I am satisfied that the trial court’s errors, as mitigated, were harmless, and that the judgment of conviction should be affirmed. . See ante at 898-99. . Koonce v. District of Columbia, 111 A.3d 1009, 1014 (D.C. 2015).